IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK SLAUGHTER, | |
| Plaintiff, | CA 11- |
| v. | |
| COUNTY OF ALLEGHENY; ALLEGHENY COUNTY JAIL; RAMON RUSTIN, in his Official and individual capacities; ROBYN McCALL, in her official and individual capacities; JAMES DONIS, in his official and individual capacities; and WILLIAM EMERICK, in his official and individual capacities. | |
| Defendants. | |

**COMPLAINT**

AND NOW comes the Plaintiff, Frank Slaughter, by and through his attorney, Susan E. Mahood, Esquire, and files the following Complaint against the Defendants whereof the following is a statement.

1. Frank Slaughter is an adult black male, who presently resides in Allegheny County, Pennsylvania. He files this action to seek redress for discriminatory employment practices and retaliation, to which he was and is subjected during his employment by County of Allegheny [hereinafter "COUNTY']. He was and is employed by Defendant COUNTY from 1995 to the present as a corrections officer.

2. Defendant COUNTY is a political subdivision of the Commonwealth of Pennsylvania operating, at all times relevant, a jail situate in Pittsburgh, Pennsylvania, where Plaintiff was and is employed.

3. Defendant Allegheny County Jail ["JAIL"] is a correctional facility owned and operated in Pittsburgh, Pennsylvania at all times relevant by Defendant COUNTY.

4. Ramon Rustin (hereinafter "RUSTIN") is an adult individual and at all times relevant resident of Allegheny County, Pennsylvania. At all times relevant hereto, RUSTIN was the agent and/or employee of COUNTY and/or JAIL employed as Warden of JAIL and was acting in the course, scope and authority of said agency and/or employment and/or under custom, usage and/or color of law.

5. Robyn McCall [hereinafter "McCALL"] is an adult individual and at all times relevant resident of Allegheny County, Pennsylvania. At all times relevant hereto, McCALL was the agent and/or employee of COUNTY and/or JAIL and was acting in the course, scope and authority of said agency and/or employment and/or under custom, usage and/or color of law.

6. James Donis [hereinafter "DONIS"] is an adult individual and at all times relevant resident of Allegheny County, Pennsylvania. At all times relevant hereto, DONIS was the agent and/or employee of COUNTY and/or JAIL and was acting in the course, scope and authority of said agency and/or employment and/or under custom, usage and/or color of law.

7. William Emerick [hereinafter "EMERICK"] is an adult individual and at all times relevant resident of Allegheny County, Pennsylvania. At all times relevant hereto, EMERICK was the agent and/or employee of COUNTY and/or JAIL and was acting in the course, scope and authority of said agency and/or employment and/or under custom, usage and/or color of law.

## II.     JURISDICTION AND VENUE

8. At all times relevant hereto, Defendant COUNTY and/or JAIL employed RUSTIN, McCALL, DONIS, and EMERICK, the individual Defendants, in an executive and/or managerial capacity and granted them authority and control over Plaintiff.  Acts constituting violations of Plaintiff's state and federal rights occurred during his employment by COUNTY and/or JAIL as a corrections officer within the Commonwealth of Pennsylvania.

9. Plaintiff believes that Defendants COUNTY and/or JAIL were the employer of at least 500 employees at all times material hereto and were the employer of Plaintiff at the time of the violations of his civil rights under Federal and Pennsylvania law to be free from unlawful discrimination and retaliation in employment.  Defendants COUNTY and JAIL are "employers" within the meaning of Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act.

10. Defendant employer COUNTY and/or JAIL are liable to Plaintiff for any and all violations of his civil rights during his employment by COUNTY and/or JAIL.

11. This court has subject matter jurisdiction over the Federal Civil Rights claims arising under the Constitution of the United States, 42 U.S.C. §1983, Title VII of the Civil Rights Acts of 1964 and 1991, and the state claims arising under the Pennsylvania Human Relations Act and Pennsylvania state common law.

## COUNT I
### FRANK SLAUGHTER V. COUNTY OF ALLEGHENY AND ALLEGHENY COUNTY JAIL

12. This count recites and incorporates each of the other paragraphs of this Complaint as though each were fully set forth herein.

13. During the course of Plaintiff's employment from 2006 to the present, Defendants inflicted upon Plaintiff a course of conduct constituting retaliation for complaining about race discrimination and harassment and filing complaints about it, which course of conduct continues to the present day.

14. Defendants during the course of Plaintiff's employment created a hostile, discriminatory and offensive work environment which was offensive and intimidating to Plaintiff and would have been offensive to any reasonable person.

15. Management personnel of COUNTY and/or JAIL, including RUSTIN, participated in, tolerated and ratified race discrimination and retaliation against Plaintiff, personally participated in it, and refused and neglected to take prompt and effective remedial action to remedy and prevent discrimination.

16. Management personnel of COUNTY and/or JAIL, including the individual Defendants, engaged in a pattern and/or practice of selectively and discriminatorily enforcing and/or implementing COUNTY's and/or JAIL's policies, procedures and regulations to the detriment and disadvantage of black officers and officers who complained of and opposed discrimination, including Plaintiff.

17. Management personnel of COUNTY, including the individual Defendants, engaged in a pattern and/or practice of refusing and neglecting to accept, investigate, process and/or act on complaints of discrimination and retaliation from employees, including Plaintiff, and of retaliating against employees, including Plaintiff, who made complaints of and/or opposed discrimination.

18. Prior to 2006, Plaintiff received only favorable performance evaluations and was also selected by COUNTY and/or JAIL management for promotion to sergeant.

19. The individual Defendants, and other COUNTY and/or JAIL management, subjected Plaintiff to continuous discriminatory statements, actions, comments and remarks and permitted subordinate officers to do likewise, despite Plaintiff's complaints.

20. In 2006, Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission [PHRC"] which was cross-filed with the United States Equal Employment Opportunity Commission ["EEOC"], based on Defendants' discriminatory termination of Plaintiff's employment.

21. In 2007 Plaintiff was reinstated under a Last Chance Agreement which Plaintiff protested, but was forced to sign in order to regain his employment, despite his innocence of the charges against him.

22. After Plaintiff registered his complaints of discrimination and participated in EEOC investigations initiated by fellow officer Florence Taylor, Defendants' discriminatory treatment of Plaintiff continued and intensified in retaliation, as described more fully above and hereafter; Plaintiff continued to actively oppose discrimination against himself and other officers and to make internal complaints about the discrimination.

23. On July 2, 2010, Plaintiff dual-filed charges of discrimination and retaliation with the EEOC and the PHRC, and the EEOC undertook an investigation.

24. Since that time, Defendants' discriminatory courses of conduct have continued, as more fully set forth above and hereafter, and again intensified in retaliation for Plaintiff's legitimate complaints, opposition to discrimination, and participation in EEOC and PHRC investigative proceedings.

25. Plaintiff has been subjected by Defendants to unfavorable and inaccurate performance evaluation, has been subjected to unwarranted discipline and change to a less desirable assignment, and subjected to other discriminatory and hostile treatment on the basis of his race and in retaliation for prior complaints, including Defendants' continued failure and refusal to address Plaintiff's complaints as required by COUNTY and/or JAIL regulations, procedures and policies, or to accord him the benefits of employment to which he is entitled.

26. Additional particulars of the discriminatory conduct of Defendants COUNTY and/or JAIL, RUSTIN, McCALL, DONIS and EMERICK include (but are not limited to) the following acts. All of these acts were done in violation of the protected rights of Plaintiff, entitling Plaintiff to compensatory and punitive damages:

(a) offensive comments made about and to Plaintiff by management employees, including the individual Defendants;

(b) refusal by RUSTIN other COUNTY and/or JAIL management personnel to properly investigate, process, and act on Plaintiff's complaints of discrimination and harassment as required by COUNTY and/or JAIL regulations, policies and procedures;

(c) placement of false and derogatory disciplinary and other materials in Plaintiff's employment file and removal of favorable material from that file;

(d) refusing Plaintiff the same application and enforcement of policy, regulations and procedures provided to white and/or non-complaining employees which refusal and discrimination continues to the present day;

(e) refusing to Plaintiff assistance prerequisites and other opportunities upon false pretenses in order to retaliate against him for his previous complaints about and opposition to harassment, sex and race discrimination and hostile work environment, which refusal continues to the present day;

(f) subjecting Plaintiff to a higher level of accountability than that required of similarly situated employees, who had not made complaints of discrimination, which conduct continues to the present day;

(g) COUNTY's and/or JAIL's failure to adequately train its employees in prevention and investigation of discrimination and retaliation;

(h) COUNTY's and/or JAIL's failure to take prompt and effective remedial action to stop the discrimination and retaliation and prevent its recurrence;

(i) COUNTY's and/or JAIL's failure to adopt, or if adopted, to enforce proper policies and procedures to prevent discrimination and retaliation and/or to ensure proper reporting and investigating of the same;

(j) failure of RUSTIN, McCALL, DONIS and EMERICK to intercede to prevent the violation of Plaintiff's Federal Constitutional rights by the other employees;

(k) manipulating Plaintiff's duty assignments, disciplinary records and other factors so as to sabotage his ability to succeed in the sergeant's position and set him up to fail;

(l) denial by Defendants of assistance opportunities, performance counseling and other benefits in retaliation for Plaintiff's complaints about and opposition to race discrimination, and deprivation of his constitutional rights;

(m) refusal by Defendants to ensure that Plaintiff was not required to work with a subject of his discrimination and harassment complaints;

(n) in discriminating against Plaintiff in application and administration of COUNTY and/or JAIL policies, procedures and regulations in retaliation for his prior complaints of discrimination;

(o) in publishing Plaintiff's legitimate complaints to the perpetrators of the discriminatory conduct so that Plaintiff suffered retaliation while Defendants continued to refuse to process, investigate or act on the same complaints;

(p) failure and refusal of Defendants to properly and timely commence internal affairs investigations to address Plaintiff's complaints about discrimination;

    (q)    refusal of Defendants to accord Plaintiff assignment preference in favor of less qualified white males and individuals who had not made complaints of discrimination;

    (r)    continued and habitual refusal by the individual Defendants in their supervisory capacity, to accord Plaintiff the same level of accountability, performance counseling and assistance prerequisites and opportunities to which his seniority entitled him, and refusal of RUSTIN in his supervisory capacity to address or prevent this discriminatory conduct;

27. The above-described workplace conduct of COUNTY and/or JAIL, and the individual Defendants had the purpose and effect of being discriminatory, retaliatory, offensive, intimidating and unwelcome to the Plaintiff and constitutes a hostile and abusive work environment, and was discriminatory, and interfered with his ability to do his job, and adversely and severely impacted the terms and conditions of his employment AND WAS DONE WITH RECKLESS INDIFFERENCE TO Plaintiff's Federal and State statutory, Constitutional and other legal rights.

28. At all times material hereto, Plaintiff did not welcome the above-described conduct and found it objectionable and offensive, and found the conduct of Defendants intimidating and threatening.

29. At all times material hereto the Plaintiff made it known to the Defendants that the conduct, harassment and discrimination were offensive and unwelcome to Plaintiff. Despite Plaintiff's complaints, offensive and discriminatory conduct directed at Plaintiff continued. The individual Defendants and other management knew or should have known of the discriminatory, offensive and hostile work environment to which Plaintiff was being subjected. Despite such actual and constructive knowledge,

Defendants COUNTY and/or JAIL failed to take prompt and effective remedial action against discrimination and retaliation.

30. The discriminatory environment at the workplace, consisting of the conduct described hereinabove and management's failure to take action about it, was open and obvious and was known to Defendants and other, managers and supervisors. Nevertheless, the Defendants, supervisors and managers permitted and allowed such harassing conduct to continue and participated in it. Management took no prompt or effective remedial action to halt such discriminatory conduct, discipline the offenders or correct the hostile work environment.

31. At all times material hereto, Defendants COUNTY and/or JAIL claimed to have a discrimination policy; however, COUNTY's and/or JAIL's Human Resources Officer refused to properly process Plaintiff's complaints and Defendants forced Plaintiff to work with and under command of the subjects of his complaints.

32. Furthermore the Defendants COUNTY and/or JAIL failed and refused to train its supervisors including RUSTIN, McCALL and DONIS or its employees including the Plaintiff concerning this policy, failed to promulgate and distribute the policy, failed to properly train persons to refrain from retaliation and harassment under the policy, failed to properly investigate complaints made under the policy and failed to meet its obligations under COUNTY and/or JAIL regulations and EEOC guidelines to take prompt and effective corrective action to stop harassment and discrimination about which the COUNTY and/or JAIL and their supervisors were actually or constructively on notice.

33. As a result of the conduct of Defendants as set forth above, Plaintiff suffered humiliation, damage to his professional reputation, mental anguish, and loss of paid leave, overtime, and promotional opportunities.

34. Plaintiff duly exhausted administrative remedies by the dual filing of timely complaints in writing with the EEOC and the Pennsylvania Human Relations Commission, setting forth the discriminatory and retaliatory acts of Defendants, which complaint was investigated by the EEOC.

35. Conciliation in this matter has failed, more than one year has elapsed since the filing of the administrative complaints, and Plaintiff has received a Notice of Right to Sue from the EEOC, which is attached as Exhibit A.

WHEREFORE, Plaintiff seeks damages from Defendants in a sum in excess of $75,000.00 and demands trial by jury.

## COUNT II
### FRANK SLAUGHTER V. COUNTY OF ALLEGHENY and ALLEGHENY COUNTY JAIL

36. Plaintiff raises a claim in this count for violation of Plaintiff's state-law civil rights to be free from discrimination and retaliation under the Pennsylvania Human Relations Act, and incorporates by reference herein all of the other paragraphs of this Complaint.

37. Defendant COUNTY and/or JAIL employ more than 4 persons within Pennsylvania and are thus an 'employers' under the jurisdiction of the Pennsylvania Human Relations Act.

38. The actions of Defendants COUNTY and/or JAIL as previously set forth hereinabove, constitutes retaliation and discrimination unlawful under the Pennsylvania Human Relations Act. These acts were done in violation of 43 P.S. §955 et seq., entitling Plaintiff to compensatory damages.

39. Plaintiff duly exhausted administrative remedies by the dual filing of timely complaints in writing with the EEOC, and with the Pennsylvania Human Relations Commission, setting forth the discriminatory acts of the Defendants COUNTY and/or JAIL which complaint was investigated by the EEOC.

40. Conciliation in this matter has failed and more than one year has passed since the filing of the administrative complaints.

41. Wherefore, Plaintiff seeks such damages allowable under the Pennsylvania Human Relations act from the Defendants including:

(a) that the Court enters a declaratory judgment and find that Defendants violated Plaintiff's rights to be free from discrimination and retaliation under the Pennsylvania Human Relations Act;

(b) that the Court enters a verdict for Plaintiff and finds that Defendants have discriminated and retaliated against the Plaintiff in violation of the Pennsylvania Human Relations Act;

(c) that the Court award Plaintiff back pay, front pay and lost fringe benefits of employment;

(d) that the Court award Plaintiff such compensatory damages allowable at law;

(e) that the Court award such actual and nominal damages as are allowed at law;

(f) that the Court award such attorney fees, costs and expenses, pre and post judgment interest and delay damages as are allowed by law;

(g)     that the Court award equitable relief, including but not limited to front pay, reformation of Plaintiff's employment records, and letters of good reference.

WHEREFORE, Plaintiff prays that the Court find in his favor and against Defendants COUNTY and/or JAIL and claims compensatory damages in excess of $75,000.00 and demands a trial by jury.

## COUNT III
## FRANK SLAUGHTER V. RAMON RUSTIN

42. This count recites and incorporates each of the other paragraphs of this Complaint as though each were fully set forth herein.

43. Plaintiff brings this count against RUSTIN in his individual capacity for violation of his constitutional rights under color, custom and/or usage of law.

44. Defendant RUSTIN was Warden of the Defendants COUNTY and/or JAIL during the relevant time that Plaintiff worked for COUNTY and/or JAIL.

45. At all times material hereto Plaintiff was subject to the authority of Defendant RUSTIN in his capacity as Warden.

46. Defendant RUSTIN had the express and apparent authority to grant or deny benefits of employment to Plaintiff and to supervise and discipline McCALL, DONIS and EMERICK and other COUNTY and/or JAIL management.

47. RUSTIN failed and refused to discipline or otherwise correct or prevent the retaliatory and discriminatory conduct of McCALL, DONIS and EMERICK and other COUNTY and/or JAIL management or to take steps to eliminate the hostile environment created by them.  Rather he ratified, encouraged and participated in such discrimination, including denial of benefits and favorable assignments to blacks and

individual who complained of discrimination, including Plaintiff, in favor of less qualified white males.

48. Moreover, as Warden, RUSTIN was ultimately responsible for formulation and enforcement of COUNTY and/or JAIL policies, regulations and procedures relative to reporting, prevention and punishment of retaliation and discrimination by COUNTY and/or JAIL personnel but failed and refused to promulgate and/or enforce such policies, regulations and procedures so as to prevent such discriminatory and retaliatory conduct toward Plaintiff and other employees of COUNTY and/or JAIL, despite his actual and constructive knowledge that such discriminatory and retaliatory conduct was occurring.

49. Moreover, the conduct of RUSTIN as described herein was discriminatory and knowingly deprived Plaintiff of his rights under the Federal and State constitutions and his rights under Title VII, subjecting Defendant to liability under 42 U.S.C.A. §1983.

WHEREFORE, Plaintiff demands judgment for Plaintiff and against Defendant RUSTIN and claims compensatory and punitive damages in an amount in excess of $75,000.00 and demands a trial by jury.

## COUNT IV
## FRANK SLAUGHTER V. ROBYN McCALL

50. This count recites and incorporates each of the other paragraphs of this Complaint as though each were fully set forth herein.

51. Plaintiff brings this count against McCALL in his individual capacity for violation of his constitutional rights under color, custom and/or usage of law.

52. Defendant McCALL was captain of the Defendants COUNTY and/or JAIL during the relevant time that Plaintiff worked for COUNTY and/or JAIL.

53. At all times material hereto Plaintiff was subject to the authority of Defendant McCALL in her capacity as Captain.

54. Defendant McCALL had the express and apparent authority to grant or deny promotion to Plaintiff and to supervise, assign and discipline Plaintiff.

55. McCALL engaged in retaliatory and discriminatory conduct directed against Plaintiff as more fully described above, including refusal to assign Plaintiff to duties for which he was best qualified, holding Plaintiff to standards of accountability not required of non-complaining individuals, and subjecting Plaintiff to unwarranted discipline upon false pretenses.

56. The conduct of McCALL as described herein was retaliatory and discriminatory and knowingly deprived Plaintiff of his rights under the Federal and State constitutions and his rights under Title VII, subjecting Defendant to liability under 42 U.S.C.A. §1983.

WHEREFORE, Plaintiff demands judgment for Plaintiff and against Defendant McCALL and claims compensatory and punitive damages in an amount in excess of $75,000.00 and demands a trial by jury.

## COUNT V
## FRANK SLAUGHTER V. JAMES DONIS

57. This count recites and incorporates each of the other paragraphs of this Complaint as though each were fully set forth herein.

58. Plaintiff brings this count against DONIS in his individual capacity for violation of his constitutional rights under color, custom and/or usage of law.

59. Defendant DONIS was Major of the Defendants COUNTY and/or JAIL during the relevant time that Plaintiff worked for COUNTY and/or JAIL.

60. At all times material hereto Plaintiff was subject to the authority of Defendant DONIS in his capacity as Major.

61. Defendant DONIS had the express and apparent authority to supervise, discipline and grant or deny promotion to Plaintiff and to supervise and discipline McCALL all and other COUNTY management.

62. DONIS failed and refused to discipline or otherwise correct or prevent the retaliatory and discriminatory conduct of McCALL and other COUNTY and/or JAIL management.  Rather he ratified, encouraged and participated in such retaliation and discrimination, including refusal to assign Plaintiff to duties for which he was best qualified, holding Plaintiff to standards of accountability not required of individuals who had not complained of discrimination, and subjecting Plaintiff to unwarranted discipline under false pretenses

63. The conduct of DONIS as described herein was discriminatory and knowingly deprived Plaintiff of his rights under the Federal and State constitutions and his rights under Title VII, subjecting Defendant to liability under 42 U.S.C.A. §1983.

WHEREFORE, Plaintiff demands judgment for Plaintiff and against Defendant DONIS and claims compensatory and punitive damages in an amount in excess of $75,000.00 and demands a trial by jury.

## COUNT VI
## FRANK SLAUGHTER V. WILLIAM EMERICK

64. This count recites and incorporates each of the other paragraphs of this Complaint as though each were fully set forth herein.

65. Plaintiff brings this count against EMERICK in his individual capacity for violation of his constitutional rights under color, custom and/or usage of law.

66. Defendant EMERICK was Deputy Warden of the Defendants COUNTY and/or JAIL during the relevant time that Plaintiff worked for COUNTY and/or JAIL.

67. At all times material hereto Plaintiff was subject to the authority of Defendant EMERICK in his capacity as Deputy Warden.

68. Defendant EMERICK had the express and apparent authority to grant or deny promotion to Plaintiff and to supervise and discipline McCALL, DONIS and other COUNTY and/or JAIL management.

69. EMERICK failed and refused to discipline or otherwise correct or prevent the retaliatory and discriminatory conduct of McCALL, DONIS and EMERICK and other COUNTY and/or JAIL management or to take steps to eliminate the hostile environment created by them. Rather he ratified, encouraged and participated in such discrimination.

70. Moreover, as Deputy Warden, EMERICK was also responsible for formulation and enforcement of COUNTY and/or JAIL policies, regulations and procedures relative to reporting, prevention and punishment of retaliation and discrimination by COUNTY and/or JAIL personnel but failed and refused to promulgate and/or enforce such policies, regulations and procedures so as to prevent such

discriminatory and retaliatory conduct toward Plaintiff and other employees of COUNTY and/or JAIL, despite his actual and constructive knowledge that such discriminatory and retaliatory conduct was occurring.

71. EMERICK further violated Plaintiff's rights by refusing to inform him of the identity of individuals who had allegedly made complaints against him, refusing to allow him the means to defend himself against said alleged complaints, and by removing favorable documentation from Plaintiff's employment file and adding false and derogatory material to the file without justification.

72. Moreover, the conduct of EMERICK as described herein was discriminatory and knowingly deprived Plaintiff of his rights under the Federal and State constitutions and his rights under Title VII, subjecting Defendant to liability under 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment for Plaintiff and against Defendant EMERICK and claims compensatory and punitive damages in an amount in excess of $75,000.00 and demands a trial by jury.

AS TO COUNTS III, IV and V a **JURY TRIAL IS DEMANDED.**

Respectfully submitted,

/s/ Susan E. Mahood
Susan E. Mahood, Esquire
Pa. I. D. #50024
1600 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 281-1444
Counsel for Plaintiff