IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK SLAUGHTER,<br>         Plaintiff,<br><br>         v<br>COUNTY OF ALLEGHENY, ALLEGHENY COUNTY JAIL, RAMON RUSTIN *in his Official and individual capacities;* ROBYN MCCALL *in her official and individual capacities;* JAMES DONIS *in his official and individual capacities; and* WILLIAM EMERICK *in his official and individual capacities*<br>         Defendants. | ) <br> ) <br> ) <br> )   2:11-cv-880<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Now pending before the Court is a mis-named motion entitled DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) IN THE FORM OF A MOTION FOR SUMMARY JUDGMENT (Document No. 30), with brief in support, filed by the former attorney for Defendants. Because discovery has been completed and the parties have filed their respective pretrial statements, Defendants should have filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and brief in opposition to the motion.

Slaughter is employed as a Sergeant at the Allegheny County Jail. The gravamen of his claims is that Defendants created a hostile work environment based on race and retaliated against him for opposing such racial discrimination. The primary "adverse employment action" alleged by Slaughter was his re-assignment in April 2010 from a position as Assistant Unit Manager on Level 5 to "Floater," although his rank and pay remained unchanged. Count 1 of Slaughter's Complaint asserts claims for retaliation and race discrimination against the County and the Jail, presumably under Title VII. Count 2 asserts similar claims under the PHRA. Counts 3-6 assert

civil rights claims against Warden Rustin, Captain McCall, Major Donis, and Assistant Warden Emerick, respectively, in their individual, supervisory capacities.

Defendants' "Motion to Dismiss"

In support of their "Motion to Dismiss," Defendants filed a Concise Statement of Material Facts ("CSMF") which consists of only two paragraphs. The first paragraph is actually a legal conclusion – that Allegheny County (the "County") and Allegheny County Jail (the "Jail") are state entities who are entitled to immunity under the Eleventh Amendment to the United States Constitution. As support for this proposition, Defendants cite only their own Answer. The second paragraph of the CSMF contains merely a bald conclusion that "the record is insufficient to prove any of the factual averments herein complained" and an irrelevant accusation regarding Plaintiff's alleged refusal to participate in mediation. This CSMF is entirely inadequate to comply with Local Rule 56 and fails to provide a sufficient evidentiary record for the Court to rule on summary judgment.

In addition, some of the legal contentions asserted by Defendants are either irrelevant or plainly without merit. Defendants' arguments regarding discrimination based on sex, age or religion are irrelevant. Although the 2010 EEOC/PHRA charge filed by Slaughter cites such theories of discrimination, Plaintiff has confirmed that he is not pursuing such claims in this case. Defendants' claim of Eleventh Amendment immunity is without merit because it is well-established that the County and the Jail are not entitled to such immunity. In *Bolden v. Southeastern Pennsylvania Transp. Authority,* 953 F.2d 807, 813 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit explained that "although political subdivisions of a state, such as counties and municipalities, fall within the term "State" as used in the Fourteenth

Amendment, political subdivisions are not "States" under the Eleventh Amendment."[1] The remaining contentions made by Defendants are unable to be resolved due to the failure of former defense counsel to comply with the Court's Local Rules and procedures for filing a summary judgment motion.

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) IN THE FORM OF A MOTION FOR SUMMARY JUDGMENT (Document No. 30) is **DENIED WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 56(f)

The denial of Defendants' motion does not end the analysis, however. Based on the facts and circumstances of this case as discerned from the pleadings and Plaintiff's responsive CSMF, the Court harbors significant concerns regarding the scope of a potential trial and the legal merit of some of the claims being asserted by Plaintiff. The Court has a duty to facilitate the just, speedy and inexpensive determination of this action, *see* Fed. R. Civ. P. 1, and to exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Federal Rule of Civil Procedure 56(f) provides a mechanism for the Court to enter summary judgment on grounds not asserted by a party:

> **(f) Judgment Independent of the Motion**. After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

---

[1] Defendants did not raise, and the Court does not reach, the question of whether the County and Jail may be immune from the PHRA claims in Count 2, based on a grant of immunity provided under Pennsylvania law.

3

The Court will outline its primary questions and concerns below.

As an initial matter, it is unclear to the Court exactly what claims and Defendants remain in the case. It appears from Plaintiff's Pretrial Statement that Slaughter is no longer asserting § 1983 claims, but instead, is now pursuing only his Title VII and PHRA claims. In particular, counsel should address whether summary judgment should be granted as to the claims against the individual Defendants in Counts 3-6 of the Complaint. There is no individual liability under Title VII or the PHRA, *see Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996), and there is a difficult burden to succeed on a supervisory liability claim under § 1983, *see Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990). Moreover, numerous courts have held that an employment retaliation theory does not arise under § 1983, but supports only a Title VII claim. *See Price v. Delaware Dept. of Correction*, 40 F. Supp.2d 544, 558 (D. Del. 1999), and cases cited therein. Slaughter must clearly identify: (1) each claim he intends to pursue; (2) the legal theory underlying each claim; (3) the specific Defendant(s) on each claim; and (4) the specific conduct of each Defendant which supports such claim.

The Court also has fundamental questions regarding the Title VII/PHRA claims in Counts 1 and 2. The Court is concerned about the scope of the allegations which Slaughter apparently intends to present at trial. The parties have referenced at least two EEOC/PHRA charges filed by Slaughter (in 2007 and October 2010), and have recited numerous other grievances that Slaughter has presented to supervisors at the Jail and/or his union representative. A plaintiff must exhaust all administrative remedies prior to bringing a claim for judicial relief and the parameters of an action in federal court are limited to the scope of a reasonable investigation of the charge(s) of discrimination filed with the EEOC/PHRA. *See Mandel v. M & O Packaging Corp.*, 706 F.3d 157 (3d Cir. 2013). The parties should address the scope of the

charge(s) on which Slaughter has exhausted his administrative remedies such that they survive summary judgment.

The Court is also concerned about the time period at issue. Both sides have discussed incidents which occurred throughout Slaughter's employment and far beyond the apparent limitations period (including, in particular, a 2006 incident that led to the 2007 EEOC/PHRA charge in which Slaughter was fired and later reinstated). The parties should address whether summary judgment should be granted as to all alleged actions which occurred more than 300 days prior to Slaughter's EEOC/PHRC complaint dated October 20, 2010. In addition, the parties should address whether Slaughter is able to demonstrate a "continuing violation" theory or whether the allegations in the 2010 EEOC/PHRA complaint constitute "discrete acts." *See Mandel*, 706 F.3d at 157.

The parties should address whether the alleged "adverse employment actions" by Defendants are "causally linked" to the alleged "protected activity" in which Slaughter engaged. At a minimum, there does not appear to be such a causal link between the EEOC/PHRA complaint in 2007and the reassignment to the "Floater" position in 2010. *See Flaig v. Aladdin Food Management Services, LLC*, 2012 WL 5288716 at * 5 (W.D. Pa. 2012), and cases cited therein.

The parties should address whether a reasonable jury could find that the alleged conduct of Defendants (i.e., denial of tuition reimbursement, flex schedules, change of pass days, and "demotion" from Assistant Unit Manager on Level 5 to "floater") constituted an "adverse employment action." *See Flaig*, 2012 WL 5288716 at * 4 (Plaintiff must show that new position was less desirable in its pay, hours, the type of work performed or prestige). Similarly, the parties should address whether Plaintiff has established that the alleged conduct was sufficiently

"severe and pervasive," and that an objectively reasonable person would have been detrimentally affected, to support a hostile work environment claim. *See Mandel v. M & O Packaging Corp.*, 706 F.3d at 157. In summary, it appears to the Court that summary judgment may be appropriate as to some or all of the claims in this case.

Conclusion

As explained above, the Court is concerned that a trial of this case, in its present posture, would be a lengthy, inefficient and ineffective exercise. Pursuant to Rule 56(f), the Court has given notice of its concerns and will provide the parties with a reasonable opportunity to respond, if they wish to do so. The Court recognizes that Defendants are now represented by new legal counsel. The Court further recognizes that Plaintiff cannot be faulted for failing to address arguments that were not presented by Defendants.

To aid in the parties' legal research, district courts in the Third Circuit faced similar claims by corrections officers in *Burda v. Pennsylvania Dept. of Corrections*, 2013 WL 393443 (M.D. Pa. 2013), and *Price*, 40 F. Supp.2d at 544. Obviously, the parties are not limited to these authorities or the other cases cited above.

In accordance with Fed. R. Civ. P. 56(f), the Court hereby Orders that:

1. On or before March 25, 2013 (14 days), Slaughter shall clearly identify: (1) each claim he intends to pursue; (2) the legal theory underlying each claim; (3) the specific Defendant(s) on each claim; and (4) the specific conduct of each Defendant which supports such claim.

2. On or before April 8, 2013 (14 days), Defendants may file a motion for summary judgment (with memorandum of law, CSMF and exhibits as necessary), as to any of the claims identified by Plaintiff.

3. On or before April 22, 2013 (14 days), Plaintiff may file a response to Defendants' motion for summary judgment (with memorandum of law, CSMF and exhibits as necessary), and may respond to the concerns of the Court, as articulated above.

SO ORDERED this 11th day of March, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Susan E. Mahood, Esquire**
Email: susanemahood@yahoo.com

**J. Deron Gabriel, Esquire**
Email: dgabriel@county.allegheny.pa.us