IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK SLAUGHTER,<br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALLEGHENY,<br>    Defendant. | )<br>)<br>)<br>)<br>)  2:11-cv-00880<br>)<br>)<br>)<br>)<br>) |

**Memorandum Opinion and Order of Court**

In this case, Sergeant Frank Slaughter contends that he was reassigned from his position as Assistant Unit Manager on Level 5E at the Allegheny County Jail in retaliation for having made an internal complaint about racially abusive conduct by a former co-worker, Corrections Officer Ryan, toward inmates. *See* Joint Stipulation (ECF No. 88). Trial is scheduled to commence on August 11, 2014. Now pending before the Court are a number Motions in Limine filed by both Plaintiff and Defendant on July 21, 2014. (ECF Nos. 73-77). Responses have been filed to all motions and they are ripe for disposition.

However, in the MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE NOT RELEVANT TO TITLE VII RETALIATION CLAIM, (ECF No. 74), Defendant has raised a potentially case-dispositive legal issue which may render the remaining pretrial motions moot. For the following reasons, the Court will GRANT Defendant's motion; enter judgment in favor of Defendant as a matter of law; and docket this case closed.

1

**Procedural History**

This case has a long and unusual procedural history. Because all parties are aware of the facts of the matter, only the most relevant proceedings are recited herein. In December 2012, after discovery had been completed and pretrial statements had been filed, former counsel for Defendants filed a less than adequate "Motion to Dismiss." By Memorandum Order of March 11, 2013, the Court denied the motion without prejudice; articulated its concerns regarding the scope and merits of Plaintiff's claims (with citation to authority); ordered Plaintiff to clearly identify the claims and legal theories he intended to pursue; and provided both sides with an opportunity to be heard as to why summary judgment should not be granted pursuant to Fed. R. Civ. P. 56(f).

In response, Plaintiff filed a Statement of Claims which significantly narrowed the scope of this action and asserted the following claims: (1) hostile work environment from August 2008-present due to his race; and (2) retaliation for Slaughter's internal complaints under Title VII and the PHRA against Allegheny County. Plaintiff also continued to assert claims under § 1983 against the Individual Defendants for conduct which allegedly occurred after July 6, 2009, in violation of his right to Equal Protection under the Fourteenth Amendment. Plaintiff's Statement of Claims attempted, for the first time, to assert PHRA "aiding and abetting" claims against the Individual Defendants. The Court rejected such claims because they had not been pled in the Complaint. *See Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 459 (3d Cir. 2003) (holding that claim failed "at the most basic level because it finds no support in the plain language of Horvath's complaint"); *Conseco Life Ins. Co. v. Smith*, 2013 WL 3285065 at *4 (D.N.J.

2013) ("A plaintiff cannot raise claims for the first time at the summary judgment stage, if they were not included in their Complaint.") (citations omitted).

Defendants filed a revised summary judgment motion. Plaintiff moved to strike the motion due to Defendants' failure -- again -- to comply with Local Rule 56. In a lengthy Opinion on October 1, 2013, the Court struck the motion; however, in the exercise of its gate-keeping responsibility under Fed. R. Civ. P. 56(f), the Court dismissed all of Plaintiff's claims, except for one narrow retaliation claim under Title VII and the PHRA. Specifically, the Court held:

> In summary, the retaliation claim will survive summary judgment, albeit in a very limited, targeted respect. Slaughter will be provided an opportunity to prove to the jury that the County violated Title VII and the PHRA by assigning him to the Floater position in retaliation for his internal complaints of misconduct by corrections officer Ryan. Slaughter will not be permitted to advance any other theory of retaliation and the evidence presented at trial must be narrowly tailored to be relevant to this discreet claim.

(Opinion at 13). As the Court explained, this was the sole theory on which Plaintiff had asserted a plausible causal connection between an adverse employment action and a protected activity. The County of Allegheny is the only remaining Defendant in the case.

Pursuant to the final pretrial order, the parties have filed a number of motions in limine. Although styled as a Motion in Limine to exclude evidence not relevant to a Title VII retaliation claim (ECF No. 74), Defendant has raised a dispositive legal issue – specifically, that Plaintiff Slaughter has not engaged in cognizable "protected activity." Plaintiff has fully responded to this contention. After examining the cases cited by both sides, as well as conducting its own research, the Court concludes that Plaintiff's remaining retaliation claim fails as a matter of law. This has been an unusual case, and issues which ought to have been raised earlier in the proceeding unfortunately were not.

3

Regardless of the timing, the issue which Defendant now raises is dispositive, such that a jury trial is not justified.

**Discussion**

Plaintiff originally asserted various claims of retaliation under Title VII and the PHRA. However, the only theory which the Court found to survive summary judgment was Plaintiff's allegation that he was reassigned to a less desirable position after complaining of racial misconduct by white corrections officer Ryan against inmates at the Allegheny County Jail. (Opinion at 13). In the instant motion, Defendant argues that Plaintiff did not engage in Title VII "protected activity" when he reported the allegedly racially motivated mistreatment of inmates at the jail by officer Ryan.

Congress enacted Title VII to address discriminatory employment practices. The law states, in pertinent part, that:

> It shall be an unlawful **employment practice** for an employer –
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual **with respect to his compensation, terms, conditions, or privileges of employment**, because of such individuals race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of **employment opportunities** or otherwise adversely affect his status **as an employee**, because of such individuals race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a) (emphasis added).

Title VII provides a separate statutory remedy for retaliation claims. Title VII § 2000e–3(a) provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has **opposed any practice**

4

**made an unlawful employment practice by this subchapter [**of Title VII] or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing **under this subchapter** [of Title VII]." 42 U.S.C. § 2000e–3(a) (emphasis added). To establish a retaliation claim against an employer under Title VII, a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) the employer subjected him to an adverse employment action after or contemporaneously with his protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. *Moore v. City of Philadelphia,* 461 F.3d 331 (3d Cir. 2006). This test is identical to the analysis for claims arising under PHRA. *See Weston v. PA,* 251 F.3d 420, 426 n.3 (3d Cir. 2001); *see also Frog, Switch & Mfg. Co. v. Pa Human Relations Comm'n,* 885 A.2d 655, 660 n.4 (Pa. Commw. Ct. 2005). Therefore, the Title VII and PHRA claims should be analyzed together.

To meet the "protected activity" prong of the *Moore* test, a plaintiff must show that he was discriminated against because he either: (1) had opposed any practice made an unlawful employment practice by Title VII, or (2) had made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C.§ 2000e–3(a). The parallel text of the PHRA defines "protected activity" as: (1) a plaintiff opposed any practice forbidden by this act [the PHRA], or (2) made a charge, testified, or assisted, in any manner, in any investigation, proceeding or hearing under this act [the PHRA]. 43 Pa. Stat. Ann. § 955(d).

In this case, Plaintiff's remaining retaliation claim implicates only the "opposition" clause. Slaughter alleges that he opposed Officer Ryan's racist treatment of

inmates, but Slaughter did not "participate" in any manner in an investigation, proceeding or hearing under Title VII regarding Ryan's actions.

The question of that which precisely constitutes "protected activity" under Title VII has been addressed by the Third Circuit in *Slagle v. County of Clarion,* 435 F.3d 262 (3d Cir. 2006). In that case, the plaintiff had been suspended and terminated from his position at the Clarion County jail, allegedly in retaliation for his complaints about misconduct by other jail employees. *Id.* at 263. The Court held that Slagle did not engage in "protected activity" under Title VII merely by having filed a charge with the EEOC, regardless of its content:

> The language at issue [§ 2000e-3] has a clear and unambiguous meaning. An employee filing a charge is protected only if the charge is brought under "this subchapter." The phrase "this subchapter" refers specifically to 42 U.S.C. §§ 2000e through 2000e–17, the provisions that set forth an employee's rights when an employer has discriminated against him or her on the basis of race, color, sex, religion, or national origin. It follows that a charge "under this subchapter" is a charge that alleges discrimination on the basis of those prohibited grounds.
>
> Slagle's argument that an employee is protected when s/he files any charge, regardless of its content, is to render the phrase "under this subchapter" meaningless. Such an interpretation is contrary to the accepted rules of statutory interpretation. *See Cooper*, 396 F.3d at 312 ("It is a well known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous."); *see also* Philip J. Pfeiffer, Employment Discrimination Law 499 (2002) ("The retaliation provisions of [Title VII] do not protect employees from retaliation for filing any charge alleging any misconduct; to gain protection, the charge—factually supported or not—must allege conduct within the scope of the statute.").

*Id*. at 266-67.

The Third Circuit also provided guidance on this issue in *Curay-Cramer vs. Ursuline Academy of Wilmington, Inc.,* 450 F.3d 130, 134-35 (3d Cir. 2006), in which it held that a woman, who had been terminated by a Catholic school for supporting a pro

6

choice position, had not engaged in "protected activity" because her pro-choice advocacy did not constitute opposition to an illegal "employment practice" under Title VII.

In *Wimmer v. Suffolk County Police Dept.,* 176 F.3d 125 (2d Cir. 1999), which is factually similar to this case, the Second Circuit Court of Appeals held that plaintiff had not engaged in "protected activity." Wimmer was a probationary member of the Suffolk County Police Department. *Id.* at 128. During his police training, he frequently spoke about his belief in equality for all people, and his belief that this equality was not always respected by the police. *Id.* Wimmer was eventually terminated for "unsatisfactory performance," which he alleged was in retaliation for having reported racial slurs by other police officers towards black civilians. *Id.* at 134. The Second Circuit refused to recognize Wimmer's action as protected activity because the only discrimination Wimmer opposed related to people who were not employees. *Id*. at 135. *Accord Crowley v. Prince George's County*, 890 F.2d 683 (4th Cir. 1989) (holding that a theory of retaliation for "investigating instances of racial harassment perpetrated by police officers against members of the community" was not valid under Title VII); *Silver v. KCA, Inc.,* 586 F.2d 138, 141 (9th cir. 1978) ("Not every act by an employee in opposition to racial discrimination is protected [under Title VII]. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual.").

*Wimmer* very clearly held that employee complaints about racially discriminatory actions by co-workers against non-employees are not "protected activity" under Title VII. Several district courts in the Third Circuit have followed *Wimmer* as a basis for their decisions. *See, e.g., Rife v. Borough of Dauphin*, 647 F.Supp.2d 431, 444 (M.D. Pa.

7

2009) ("The anti-retaliation clause does not prohibit retaliation for speaking out against prejudice that has no nexus to employment discrimination and the unequal treatment of employees on the basis of their race.").

In his reply to Defendants' Motion in Limine to Exclude Testimony and Evidence, (ECF No 80), Plaintiff cites several non-binding cases which allegedly interpret Title VII favorably for his claim. Quoting *Rogers v. EEOC,* Plaintiff notes that "petitioner's failure to direct intentionally any discriminatory treatment towards [plaintiff] is simply not material to the finding of an unlawful employment practice." 454 F.2d 234, 239 (5th Cir. 1971). However, the discussion in *Rogers* focused on a hostile work environment claim – not a retaliation claim. *Id. See Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65 (1986) ("In *Rogers,* the Court of Appeals for the Fifth Circuit held that a Hispanic complainant could establish a Title VII violation by demonstrating that her employer created an offensive work environment for employees…"). In the present case, the only claim which has survived is whether Slaughter has suffered retaliation for complaints he made about a fellow corrections officer's racially motivated mistreatment of inmates. This Court has specifically dismissed Plaintiff's claim of a hostile work environment, and therefore the analysis in *Rogers* is not applicable to this case.

It is clear from the holding and discussion in *Slagle, Curay-Cramer*, *Wimmer* and *Rife* that complaints such as Plaintiff's, which do not relate to "unlawful employment practices," are not "protected activity" under Title VII. The racially motivated misconduct which Plaintiff reported was not an unlawful employment practice, because the misconduct was directed at prisoners, and not employees. Even if Plaintiff were able

to establish that the reassignment to his new position constituted an adverse employment action, and even if he could prove that the reassignment to this new position was causally connected to his complaints, Slaughter's retaliation claims would fail nevertheless because Title VII and PHRA address employment practices, and cannot be used to redress all claims of racism between citizens.

**Conclusion**

Defendant is entitled to judgment as a matter of law on Plaintiff's sole remaining claim, that he was reassigned from his position as Assistant Unit Manager on Level 5E at the Allegheny County Jail in retaliation for making an internal complaint about racially abusive conduct toward inmates by former Corrections Officer Ryan. The Court finds that Title VII and the PHRA do not protect employees from retaliation when they report something other than an unlawful employment practice. Although the Court commends Slaughter for notifying his supervisors about the alleged mistreatment of inmates based on their race, Title VII and PHRA cannot be stretched to remediate more than the plain language of the statutes permits.

In accordance with the foregoing, the MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE NOT RELEVANT TO TITLE VII RETALIATION CLAIM, (ECF No. 74), will be **GRANTED**, all other pending motions will be DENIED AS MOOT; and judgment will be entered in favor of the County. This case will be docketed as closed.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK SLAUGHTER,
        Plaintiff,

v.

COUNTY OF ALLEGHENY,
        Defendants.

2:11-cv-00880

## ORDER OF COURT

AND NOW, this 30th day of July, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE NOT RELEVANT TO TITLE VII RETALIATION CLAIM (ECF No. 74) is **GRANTED;** and all other pending motions (ECF Nos. 73, 75, 76, 77) are **DENIED AS MOOT**. Judgment is hereby entered in favor of Defendant and against Plaintiff. The clerk shall docket this case **CLOSED.**

BY THE COURT

s/Terrence F. McVerry
United States District Judge

cc:    **Susan E. Mahood, Esquire**
Email: susanemahood@yahoo.com

       **Jake Lifson, Esquire**
Email: jake.lifson@alleghenycounty.us

       **Frances M. Liebenguth**
Email: Frances.Liebenguth@AlleghenyCounty.US